NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2665
_____

UNITED STATES OF AMERICA

v.

CHEZAREE B. HALL,
                                        Appellant
_____

On Appeal from the United States District Court
for the  Eastern District of Pennsylvania
District Court  No. 2-11-cr-00473-002
District Judge: The Honorable William H. Yohn, Jr.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 6, 2014

Before: SMITH, SHWARTZ and SCIRICA, *Circuit Judges*

(Filed: January 15, 2014)
_____

OPINION
_____

SMITH, *Circuit Judge.*

On a cool fall morning in September of 2010, law enforcement authorities

executed a search warrant of, *inter alia*, a house situated at 409 West Second

Street, Birdsboro, Berks County, Pennsylvania.  Chezaree B. Hall resided in the

1

house with her two minor sons, her significant other, Leon Stanton, and his minor daughter. Because of concerns about illegal weapons in the residence and because law enforcement authorities "wanted to protect the young children from any violence," officers awakened Hall and the other residents of the house early in the morning and claimed that they needed to leave the premises because of a natural gas leak. As Stanton and the other residents left the home, he was arrested. Hall and the children were directed to stand immediately across the street.

A SWAT team member present at the scene noticed that Hall "was clutching her pocketbook very tightly" with "both arms around it." Finding this conduct suspicious, the SWAT member informed a detective of the Pottstown Police Department. The detective thought it unusual that Hall had taken the time to collect her pocketbook, while failing to retrieve a coat for herself or to fully dress her children. Because the detective knew of Stanton's history of violence and because the detective was concerned that guns -- suspected of being in the house -- might now be in the pocketbook, he advised Hall that he needed to take her pocketbook. The weight of the pocketbook heightened his concern, and when the detective opened it, he found two guns and a bag containing drugs.

Hall unsuccessfully moved to suppress the evidence seized from her pocketbook, claiming that the search warrant did not authorize searching her. The District Court concluded that the warrant was irrelevant as the detective had

searched the pocketbook because he had a "reasonable suspicion that she was armed and dangerous." Supp. app. 51. Thereafter, Hall proceeded to trial and a jury convicted her of committing two controlled substances offenses in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), 860(a)(1), and 18 U.S.C. § 2, and of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

Hall contends the District Court erred in denying her motion to suppress.[1] "We review the District Court's denial of a motion to suppress for clear error as to the underlying factual determinations but exercise plenary review over the District Court's application of law to those facts." *United States v. Stabile*, 633 F.3d 219, 230 (3d Cir. 2011). The District Court did not err. The detective's search was permissible under *Terry v. Ohio*, 392 U.S. 1, 30 (1968).

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291.