NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1150
_____

UNITED STATES OF AMERICA

v.

LEON STANTON,
A/K/A Baby Boy
A/K/A Leem,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-11-cr-00473-001
District Judge: Honorable William H. Yohn, Jr.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 6, 2014

Before: SMITH, SHWARTZ and SCIRICA, Circuit Judges

(Filed: May 6, 2014)
_____

OPINION
_____


SMITH, Circuit Judge

    Leon Stanton was charged in a four-count indictment with committing two

drug offenses, 21 U.S.C. §§ 841(a)(1) and 860(a) and 18 U.S.C. § 2, and two

firearm offenses, 18 U.S.C. §§ 922(g)(1) and 924(c). After the United States District Court for the Eastern District of Pennsylvania denied several pretrial motions, the matter proceeded to trial before a jury. The jury found Stanton guilty as charged. The District Court sentenced Stanton to a total of 420 months of imprisonment. This timely appeal challenging his convictions followed.[1]

Stanton contends that the District Court erred in ruling on several of his pretrial motions. First, he cites the denial of his motion to suppress as error, asserting that the probable cause affidavit for the search warrant failed to establish a fair probability that contraband or evidence of a crime would be found in the Birdsboro, Pennsylvania, residence he shared with his girlfriend Chezaree Hall, her two sons, and his daughter. In his view, because there were no averments in the affidavit to suggest that drugs were being sold at his home in Birdsboro the warrant did not provide probable cause for the search.

"[W]hen a district court, in reviewing a magistrate's determination of probable cause, bases its probable cause ruling on facts contained in an affidavit, we exercise plenary review over the district court's decision." *United States v. Ritter*, 416 F.3d 256, 261 (3d Cir. 2005). In conducting our plenary review, we are mindful that "both we and the district court exercise only a deferential review of

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291.

the *initial* probable cause determination made by the magistrate." *United States v. Conley*, 4 F.3d 1200, 1205 (3d Cir. 1993) (citing *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (emphasis added)).

The probable cause affidavit explained that the investigation concerned several shootings between two rival groups involved in drug trafficking. The affidavit detailed the various members of the groups, including Stanton, and the various firearms in their possession. For that reason, it was not necessary for the affidavit in this case to show that drugs were being sold at Stanton's home. It was sufficient that the facts established a "fair probability" that Stanton, who was not permitted to possess a firearm because of his criminal history, had a firearm at his residence. *Gates*, 462 U.S. at 238. We conclude that showing was satisfied.

Stanton also argues that the warrant failed to describe with particularity the things to be seized. A review of the warrant shows that his argument lacks merit. In addition, Stanton contends that the firearms and drugs seized as a result of the execution of the search warrant should have been suppressed because the affidavit failed to establish probable cause or to meet the particularity requirement. Because we concluded that neither argument was persuasive, suppression was unnecessary.

In an effort to set aside the warrant, Stanton requested that the District Court disclose the identity of the confidential informants in the probable cause affidavit. As authority for his request he cited *Roviaro v. United States*, 353 U.S. 53 (1957),

which held that an informant's privilege to withhold his identity is limited and that the "privilege must give way" when the identity of the informant "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60-61. The District Court denied Stanton's request for disclosure.

We review a "decision not to order disclosure of an informant's identity for abuse of discretion." *United States v. Brown*, 3 F.3d 673, 679 (3d Cir. 1993). In *United States v. Jiles,* 658 F.2d 194, 197 (3d Cir. 1981), we instructed that it is the defendant who bears the burden of showing a specific need for disclosure. "[M]ere speculation as to the usefulness of the informant's testimony to the defendant is insufficient to justify disclosure of his identity." *United States v. Bazzano*, 712 F.2d 826, 839 (3d Cir. 1983) (citation and internal quotation marks omitted). Moreover, we have determined that when disclosure is sought "in the hope" that it "will lead to evidence that will help [a defendant] make a *Franks* showing[,]" the "*Roviaro* balance will tend to tip against disclosing the informant's identity." *United States v. Brown*, 3 F.3d 673, 679 (3d Cir. 1993) (discussing *Franks v. Delaware*, 438 U.S. 154 (1978)). In addition, when the informant's role relates to probable cause, disclosure is usually not required. *Bazzano*, 712 F.2d at 839 (citing *McCray v. Illinois*, 386 U.S. 300 (1967)). Because Stanton hoped that the identity of the confidential informants would provide a basis for a hearing under *Franks* and because the informants' roles pertained to probable cause, we conclude

4

that the District Court did not abuse its discretion in denying Stanton's motion.

Nor do we see an error by the District Court in denying the motion for a *Franks* hearing. Stanton's guess as to the identity of the confidential informants does not constitute the "substantial showing" required by *Franks*. *See* 438 U.S. at 155-56, 170-71 (holding that before a defendant may obtain an evidentiary hearing to challenge the veracity of an affiant's sworn statement, the defendant must make a "substantial preliminary showing that a false statement knowing and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit").

Stanton also contends that the District Court erred by failing to order the government to turn over materials he was entitled to under the Jencks Act. *See* 18 U.S.C. § 3500. We need not address this issue as Stanton has failed to direct us to the applicable portion of the record or to provide any legal authority in support of his position other than a bald reference to the statute. *See United States v. Hoffecker*, 530 F.3d 137, 162-63 (3d Cir. 2008) (concluding that appellant waived his claim because, contrary to Fed. R. App. P. 28(a)(8)(A), his brief contained neither citation to the record nor supporting legal authority); *United States v. Irizarry*, 341 F.3d 272, 305 (3d Cir. 2003). Nonetheless, we note that Stanton was provided Jencks Act material during the trial in accordance with the statute. 18 U.S.C. § 3500(b).

According to Stanton, the District Court also erred in responding to the jury's request to repeat the instruction regarding the "in furtherance" requirement for the 18 U.S.C. § 924(c) offense. Because defense counsel did not object to the Court's instruction, we review for plain error. Fed. R. Crim. P. 52(b). Viewing the instruction as a whole, *United States v. Coyle*, 63 F.3d 1239, 1245 (3d Cir. 1995), we conclude that the Court did not foreclose the jury from making its own factual determination regarding the element of possession.

Finally, Stanton contends that the District Court erred by denying his motion to produce the grand jury testimony of each witness who testified regarding the events alleged in the indictment. There is no merit to this argument. Stanton does not acknowledge that the District Court denied the motion "except to the extent that it involves government obligations under the Jencks Act or *Brady* [*v. Maryland*, 373 U.S 83, 87 (1963)]." Thus, Stanton was not deprived of any material to which he was legally entitled. It is true that Stanton set out a litany of ways in which the grand jury testimony would have been helpful to his defense. He fails, however, to explain how the Court's ruling constituted reversible error in light of Federal Rule of Criminal Procedure 6(e), which shields grand jury testimony.[2]

---

[2] We also note that to the extent there were any irregularities in the grand jury proceeding, the petit jury's verdict rendered those irregularities harmless. *United States v. Mechanik*, 475 U.S. 66, 70 (1986).

6

For the foregoing reasons, we will affirm.