CLD-200                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3953
_____

UNITED STATES OF AMERICA

v.

LEON STANTON
a/k/a
BABY BOY
a/k/a
LEEM

Leon Stanton,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-11-cr-00473-001)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2016

Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: April 13, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Leon Stanton ("Stanton") appeals from the denial of his motion for a new trial pursuant to Fed. R. Crim. P. 33 ("R. 33 motion"). As his appeal does not present a substantial question, we will affirm the decision of the District Court.

In September 2010, Detective Todd Richard of the Pottstown Police Department applied for a search warrant to investigate, among other locations, Stanton's residence.[1] The warrant application included an affidavit of probable cause, which relied in part on information gathered from four confidential informants ("CIs 1-4"). When the police searched Stanton's residence, they arrested Stanton and found two guns in the pocketbook of his significant other.[2] In August 2011, Stanton was indicted on charges of controlled substances violations under 21 U.S.C. §§ 841(a) and 860(a), possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c), and being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). In January 2012, he filed an omnibus pre-trial motion, including a motion to suppress. After two hearings, the District Court denied his omnibus motion.

In July 2012, Stanton filed a motion to disclose the identity of the CIs. He claimed that CI # 2 was Korey Brown ("Brown"), a fellow gang member. The District Court held a hearing on this motion in August 2012, during which the government stated that Stanton had correctly guessed the name of one CI but would not confirm which. The

---

[1] Richard asked to search Stanton's residence because Stanton was allegedly a member of one of the gangs operating in Pottstown.

District Court found on the record that Stanton's argument regarding CI # 2 was "pure speculation," and held that even without the allegations of CIs # 1-2, the application for the search warrant contained enough allegations to justify its issuance. The District Court denied the motion for disclosure.

On October 4, 2012, after a jury trial, Stanton was found guilty of all four charges and subsequently sentenced to 420 months in prison. He timely appealed and argued that the District Court erred in denying his motion to suppress and his motion to disclose. We disagreed and affirmed his conviction and sentence. See United States v. Stanton, 566 F. App'x 166, 168-69 (3d Cir. 2014).

On February 12, 2015, Stanton filed his R. 33 motion, arguing that a line in the government's direct appeal brief was newly discovered evidence. The District Court[3] examined Stanton's motion under the five-factor test that we adopted in United States v. Rutkin, 208 F.2d 647 (3d Cir. 1953); found that he had not provided newly discovered evidence; and denied his motion. Stanton now appeals.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. Because Stanton timely appealed, we have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of a R. 33 motion for abuse of discretion. United States v. Schneider, 801 F.3d 186, 201 (3d Cir. 2015). For a defendant to succeed on a R. 33 motion, he must establish each of the five Rutkin elements: (1) "the evidence must be in

---

[2] See United States v. Hall, 550 F. App'x 133, 133 (3d Cir. 2014).
[3] This case was formerly assigned to the Honorable William H. Yohn, Jr., Senior District

3

fact newly discovered . . . since trial;" (2) he must allege facts from which his diligence can be inferred; (3) the evidence "must not be merely cumulative or impeaching;" (4) the evidence "must be material to the issues involved;" and (5) the evidence must be such that with "a new trial, the newly discovered evidence would probably produce an acquittal." United States v. Quiles, 618 F.3d 383, 388-89 (3d Cir. 2010).

The purported new evidence that Stanton relied on came from the government's direct appeal brief. The line read "[t]he government conceded that Brown was correct as to the identity of one of the four confidential informants, but declined to identify this person, arguing that Stanton had not demonstrated that disclosure of the identity of any of the informants was warranted." On this basis, Stanton argued that the government had revealed that CI # 2 was Brown, that this was new evidence, and that had he had this information available for the suppression hearing, there was a reasonable probability that the warrant would have been suppressed. The District Court rejected this argument, stating that the "sentence at issue represents a misstatement of the record or a mere scrivener's error" because in context, "Brown" should have read "Stanton," and that it was not newly discovered evidence. Dkt. 192 at 6. The government has made several errors in reference to CI # 2, at one point appearing to concede that he is Brown, but has otherwise argued that it has never disclosed the identity of any CI in this case. The District Court also noted that if Stanton is correct about CI # 2's identity, that is not newly discovered evidence since Stanton states that he knew this before trial.

Judge for the Eastern District of Pennsylvania, and re-assigned to Judge Pappert.

The District Court did not abuse its discretion in denying Stanton's R. 33 motion. The District Court reasonably decided that the "admission" was in fact an error. From a plain reading, it appears that the government's sentence is a typographical error, and without a clear government admission regarding CI # 2's identity, there is no new evidence that Stanton may rely on.[4] See Schneider, 801 F.3d at 203-04 (discussing lack of "new" evidence). Assuming that the District Court erred regarding the first prong, however, Stanton has not made a showing under the other Rutkin prongs, especially the fifth Rutkin prong, given that the District Court explicitly held that the warrant application contained sufficient information even absent CI # 2's information. See United States v. Bazzano, 712 F.2d 826, 839 (3d Cir. 1983).

For the reasons stated above, we will summarily affirm the District Court's decision.

---

[4] Assuming that the government *has* disclosed CI # 2's identity, it is not clear that the disclosure of a CI's identity *already known* to the defendant is "newly discovered evidence." Stanton has repeatedly stated that he knows CI # 2 is Korey Brown. This scenario is similar to our decision in United States v. Jasin, 280 F.3d 355 (3d Cir. 2002). In Jasin, we held that a co-defendant's testimony "known to the defendant at the time of trial" is not newly discovered evidence under R. 33, and adopted the majority rule among circuits that "newly available evidence" is not synonymous with "newly discovered evidence." 801 F.3d at 368.